UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| FRANK HINE, | Case No. 2:12-cv-00220-MMD-PAL |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; and DOES 1-100, | (Defs.' Motion to Dismiss – dkt. no. 8; Defs. Motion to Expunge Lis Pendens – dkt. no. 9) |
| Defendants. | |

**I.    SUMMARY**

Before the Court are Defendants Bank of America, N.A., ReconTrust Company, N.A., and Mortgage Electronic Registration Systems Inc.'s Motion to Dismiss (dkt. no. 8) and Motion to Expunge Lis Pendens (dkt. no. 9).  For the reasons discussed below, the Motions are granted.

**II.    BACKGROUND**

This action opposing the non-judicial foreclosure on a home arises out of facts now fairly familiar to this Court.  In 2006, Plaintiff purchased property with two loans, which were secured by deeds of trust on the property.  In 2007, Plaintiff refinanced the loans through First Option Mortgage.  The deed of trust securing the refinancing loan listed First Option Mortgage as the lender and Defendant Mortgage Electronic Registration Systems Inc. ("MERS") as both the beneficiary and the lender's nominee.

MERS purported to substitute Defendant ReconTrust Company, N.A. ("ReconTrust") as the Foreclosing Trustee on August 15, 2008.

At some point thereafter, Plaintiff defaulted on the loan. ReconTrust first instigated foreclosure proceedings on August 15, 2008, but later rescinded the Notice of Default. However, Plaintiff was still in default, and ReconTrust instigated the proceedings again on May 19, 2010. The Foreclosing Deed of Trust was assigned to Defendant Bank of America, N.A. ("BANA") on May 24, 2010. On May 2, 2011, a certificate of compliance with the Nevada foreclosure mediation program was recorded along with the notice of trustee's sale.

Plaintiff alleges that, under Nevada law, MERS was not properly a beneficiary of the original deed of trust and lacked the authority to substitute ReconTrust as the Foreclosing Trustee. Consequently, the foreclosure and subsequent trustee's sale were unauthorized and legally invalid. Seeking redress, Plaintiff filed this complaint February 13, 2012, alleging violations of RESPA, including a refusal to respond to a "Qualified Written Request," violations of NRS § 107.080, intentional infliction of emotional distress, and quiet title.

However, the instant action is not Plaintiff's first. Plaintiff first filed a complaint against the same Defendants[1] on May 18, 2011, alleging claims for violations of the Real Estate Collection Practices Act ("RESPA"), fraud, breach of contract, "fraudulent foreclosure," violation of the Fair Debt Collection Practices Act, notary fraud, and fraudulent assignment. That complaint was voluntarily dismissed. Plaintiff then brought another action on September 26, 2011, alleging violations of RESPA, fraud, breach of contract, "fraudulent foreclosure," violation of the Fair Debt Collection Practices Act, notary fraud, fraudulent assignment, and violation of Nevada's foreclosure mediation program, NRS § 107.086. The Court dismissed the second complaint with prejudice on January 30, 2012.

---

[1] Plaintiff's prior complaints also listed BAC Home Loans Servicing, LP as a defendant. BAC Home Loans Servicing, LP recently merged with Bank of America, N.A.

2

Defendants BANA, ReconTrust, and MERS (collectively, "Defendants"), seek dismissal of Plaintiff's complaint, arguing that all claims are precluded by the previous dismissal. For the reasons discussed below, the Court agrees.

## III.   DISCUSSION

### A.   Legal Standard

The federal law of claim preclusion applies when considering the preclusive effect of a prior federal court decision. *First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1128 (9th Cir. 2000). A claim is precluded by a prior adjudication when the prior adjudication 1) was between the same parties, 2) resulted in a final judgment on the merits, and 3) involved the same "claim" currently asserted. *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1403 (9th Cir.1993) (citing *Blonder-Tongue Laboratories v. University of Ill. Found.*, 402 U.S. 313, 323-24 (1971)).

In determining whether two suits involve the same claim, the Ninth Circuit employs a four part test:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (citing *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)). The most important of these factors is the fourth. *Constantini,* 681 F.2d at 1202. Where a new complaint involves the same claim previously adjudicated, the doctrine of claim preclusion not only bars previous claims explicitly pled, but "all grounds for recovery which could have been asserted, whether they were or not." *Constantini*, 681 F.2d at 1201.

### B.   Discussion

Plaintiff's Complaint is repetitious of his previous complaints, and all recovery is barred by the doctrine of claim preclusion. First, the parties are the same; both prior complaints were against BANA, ReconTrust, and MERS. Second, although the first complaint was voluntarily dismissed, the second complaint was dismissed by the Court

with prejudice. This operates as a final decision on the merits. Finally, the RESPA claim was specifically asserted in the previous complaint and dismissed. Thus, the only question remaining is whether the claims for non-response to a Qualified Written Request, intentional infliction of emotional distress, and quiet title are sufficiently distinct from the prior claims to survive as independent causes of action.

The Court concludes that these claims are not sufficiently distinct because all four of the *Constantini* factors are met in this case. As to the first factor, the prior adjudication established the rights of the Defendants in the foreclosed property. Plaintiff now asks the Court, among other things, to vacate the trustee sale, and enjoin the sale, advertisement, or transfer of the home. This certainly would impair the rights of Defendants established in the first action.

As to the second, third, and fourth factors, most of the current Complaint's content is identical to that in the previous complaints. The previous complaint similarly alleges that because MERS was not a proper beneficiary, it had no authority to transfer the right to foreclose to another party, resulting in improper foreclosure. Plaintiff merely reasserts the same facts and legal theory as set forth in the prior complaint but attaches different labels to the claims. Thus, the instant action involves the same evidence, essential legal right, and transactional nucleus of facts as the complaint that was dismissed with prejudice. Even though Plaintiff has listed legal causes of action that were not specifically averred in the first complaint, these claims are grounds for recovery which could have been previously asserted. Consequently, they are barred by the doctrine of claim preclusion.

Additionally, because the Complaint is dismissed, Plaintiff's notice of pendency cannot be maintained. Therefore, the Court also grants Defendants' Motion to Expunge Lis Pendens.

*///*

*///*

*///*

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Bank of America, N.A., ReconTrust Company, N.A., and Mortgage Electronic Registration Systems Inc.'s Motion to Dismiss is GRANTED

IT IS FURTHER ORDERED that Defendants Bank of America, N.A., ReconTrust Company, N.A., and Mortgage Electronic Registration Systems Inc.'s Motion to Expunge Lis Pendens is GRANTED.

The Clerk of the Court is instructed to close this case.

DATED THIS 2nd day of November 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE